**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Case No.**

**PEDRO PACHECO,**

Plaintiff,

**v.**

**MT. FUJI JAPANESE CUISINE, LLC,**
**XIN YUN CHEN AKA "SARAH",** an individual,
**and ENXU CHEN AKA "DENNY",** an individual,

Defendants.

---

# COMPLAINT

---

## INTRODUCTION

1. Plaintiff Pedro Pacheco, worked as a fry cook for Defendants' restaurant for approximately one year and eight months. During this time, Defendants failed to pay Plaintiff an overtime rate of one and one half times his regular rate for all hours over forty in a given workweek or over twelve hours in a given day. As described below, Defendants failed to pay Plaintiff anything for his time worked over forty hours in a given workweek. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Mt Fuji Japanese Cuisine, LLC, Xin Yun Chen aka "Sarah", and Enxu Chen aka "Denny" to recover unpaid and/or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the Colorado Wage Claim Act, §8-4-101, *et seq*. (hereinafter "CWA") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 4714 Milestone Lane Unit H, Castle Rock, CO 80104 and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Mt. Fuji Japanese Cuisine, LLC

5. Defendant **Mt. Fuji Japanese Cuisine, LLC** (hereinafter "Mt. Fuji" and/or "Company") is a corporation doing business within the County of Douglas, and whose principal place of business is located at 4714 Milestone Lane Unit H, Castle Rock, CO 80104. Its registered agent is listed with the Colorado Secretary of State as Qin Li with an address of 4714 Milestone Lane #H, Castle Rock, CO 80104.

6. At all relevant times, Defendant Mt. Fuji had annual gross revenues in excess of $500,000.

7. At all relevant times, Defendant Mt. Fuji was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all times material to this action, Defendant Mt. Fuji Japanese Cuisine, LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

**Defendant Xin Yun Chen aka "Sarah"**

9. Defendant **Xin Yun Chen aka "Sarah**" is a member of Mt. Fuji and one of its day to day managers.

10. Defendant Xin Yun Chen goes by the name "Sarah" when interacting with Defendants' employees, upon information and belief.

11. Defendant Xin Yun Chen resides in Douglas County, upon information and belief.

12. At all times material to this action, Defendant Xin Yun Chen actively participated in the business of the corporation.

13. At all times material to this action, Defendant Xin Yun Chen exercised substantial control over the functions of the company's employees including Plaintiff. For example, she had the authority to hire and fire Defendants' employees as well as set the rates and terms of pay and working schedules for employees, including the Plaintiff.

14. At all times material to this action, Defendant Xin Yun Chen was an "employer" of Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Enxu Chen aka "Denny"**

15. Defendant **Enxu Chen aka "Denny"** is a member of Mt. Fuji and one of its day to day managers.

16. Defendant Enxu Chen goes by the name "Denny" when interacting with Defendants' employees, upon information and belief.

17. Defendant Enxu Chen resides in Douglas County, upon information and belief.

18. At all times material to this action, Defendant Enxu Chen actively participated in the business of the corporation.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

19. At all times material to this action, Defendant Enxu Chen exercised substantial control over the functions of the Company's employees including Plaintiff. For example, he had the authority to hire and fire Defendants' employees as well as set the rates and terms of pay and working schedules for employees, including the Plaintiff.

20. At all times material to this action, Defendant Enxu Chen was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Pedro Pacheco**

21. Plaintiff Pedro Pacheco is a resident of Denver, Colorado, which is in Denver County.

22. At all times material to this action, Plaintiff Pacheco was an "employee" within the meaning of 29 U.S.C. § 203(e).

## FACTUAL BACKGROUND

23. Plaintiff Pacheco worked for Mt. Fuji and its owners and day to day managers, Xin Yun Chen and Enxu Chen, as a fry cook from August 2014 until his separation on April 17, 2016.

24. While in this position, Plaintiff Pacheco's pay scheme was salary.

25. Defendants paid Plaintiff Pacheco a flat monthly salary regardless of the number of hours he worked.

26. Defendants paid Plaintiff at seemingly random intervals, when they chose, and Plaintiff and Defendants had no agreement of such pay schedule.

27. Defendants paid Plaintiff per month: $2,000 from August 2014 through January 2015; $2,050 from February 2015 through April 2015; $2,100 from May 2015 through July 2015; $2,150 from August 2015 through October 2015; $2,200 from November 2015 through January 2015; and $2,250 from February 2015 through his separation on April 17, 2016.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

28. While working in this capacity, Plaintiff Pacheco was not expected to record his time worked.

29. Plaintiff Pacheco was generally scheduled to work the following shifts: Tuesday through Thursday from approximately 10:00 a.m. to 10:00 pm (12 hours), Friday and Saturday from 10:00 a.m. to 10:30 p.m. (12.5 hours) and Sunday from 10:00 a.m. to 9:30 p.m.

30. In addition, Plaintiff Pacheco worked occasional Mondays each month. Plaintiff Pacheco estimates that over the course of each month he worked approximately twelve additional hours on Mondays.

31. Plaintiff Pacheco did not get a meal break.

32. Plaintiff Pacheco did not get rest breaks.

33. Pacheco estimates that generally he worked approximately 72.5 hours per week, plus an additional twelve hours per month on Mondays, for a total of approximately 75.5 hours per week.

34. Defendants did not pay Plaintiff Pacheco at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## **LEGAL CLAIMS**

### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Time Overtime Properly***

36. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

***Failure To Pay Minimum Wage***

37. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

***Late Payments***

38. On at least some occasions, Plaintiff did not receive his paychecks on his prescribed paydays.

39. Because Defendants failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

***Record-Keeping Failures***

40. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

41. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

42. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

43. As a result of the violations by Defendant of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**
**(CORPORATE DEFENDANT ONLY)**

44. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

45. Defendant was Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Defendant employed Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

46. Plaintiff was Defendant's "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

47. Plaintiff worked more than 12 hours at least some days.

48. Plaintiff worked more than 40 hours at least some workweeks.

49. Defendant did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek or 12 hours in any given day.

50. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

52. Defendant violated the CWA as implemented by the Wage Order, when it failed to pay Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

***53.*** For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

***Willful Failure to Respond to Wage Demand***
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

54. Plaintiff sent Defendant a wage demand letter pursuant to C.R.S. § 8-4-109.

55. In that Colorado Wage Demand letter, Plaintiff demanded $152,609.64 in unpaid wages, liquidated damages, and fees.

56. Defendant did not respond to Plaintiff's demand at all.

57. More than 14 days have passed since Defendant received Plaintiff's wage demand letter and no wages have been tendered.

58. Therefore, Defendant is liable to Plaintiff for an additional 125% of the first $7,500 demanded, which is $9,375 plus 50% of the amount over $7,500 which is $72,554.82 for a subtotal of $81,929.82 in wage demand penalties.

59. Further, Defendant's failure to pay was willful. Defendant's conduct includes entirely failing to respond to Plaintiff's wage demand in any fashion and failing to tender Plaintiff's unpaid/underpaid back wages. Therefore, the penalty shall increase by an additional 50%, or $40,964.91, bringing the total of wage demand penalties to $122,894.73.

***Denial of Mandatory Rest Periods***



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

60. Defendant did not pay Plaintiff for all of his time worked under Colorado law because it did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

61. Defendant did not pay Plaintiff for all of his time worked under Colorado law because it did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

***Late Payments***
**(Violation of the CMWWA, C.R.S. §§ 8-4-103)**

62. Defendant did not pay Plaintiff all wages and compensation on regular pay periods of no more than the greater of one calendar month or thirty days, with paydays no later than 10 days after the close of the pay period, and the Plaintiff and Defendant did not mutually agree on any other alternative period of payments.

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

63. Defendant failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:
    a. name, address, social security number, occupation and date of hire
    b. date of birth, if the employee is under eighteen (18) years of age
    c. daily record of all hours worked
    d. record of allowable credits and declared tips
    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

64. Defendant failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq.,



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Wage Order 7 C.C.R. 1103-1(12)).

***Damages***

65. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages he is owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff penalties pursuant to Colorado Wage Act, C.R.S. §§ 8-4-109, -110

(D) Award Plaintiff interest;

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **28th** day of **September, 2016.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.

**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax